## No. 949.

SOPHIA MARTIN, EXECUTRIX, ET AL., HEIRS, VS. FRANCES E. BRASHEAR AND HUSBAND.

This is a petitory action. Prescription is pleaded. Under the facts of the case, the titles by which defendant holds are sufficient at least to sustain the prescription of ten years, and defendant has shown possession in herself and her authors for about thirty years.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *A. L. Tucker* and *W. B. Merchant*, for plaintiffs and appellees. *Fred. Gates*, for defendant and appellant.

HOWELL, J. This is a petitory action, instituted in March, 1860, to recover a tract of land in the possession of defendant, who sets up title to and the prescription of ten, twenty, and thirty years. Plaintiffs claim title through a confirmation by act of Congress approved February 28, 1823, upon the report of the Register Harper, Eastern District of Louisiana, that Robert Martin claimed the land by purchase under Antoine Pilboro, in whose favor an order of survey was made by Governor Galvez on the second of July, 1776. Defendant claims by chain of title running back to said Antoine Pilboro, who, by private act, on the fifteenth of July, 1821, sold to James Bowie. The introduction of this title was objected to as not the best evidence, being a copy, and the loss of the original not accounted for. We think the testimony of H. E. Lawrence and L. V. Gremillion, recorder of Avoyelles, sufficiently accounts for the loss of the original, and that the copy made by the latter from the records of his office was admissible. It was the best evidence that could be obtained. The same applies to the succeeding titles of a similar character.

The action of Congress divested any title that may have been in the government of the United States and remitted all parties to the courts

582      SUPREME COURT OF LOUISIANA,

Sophia Martin vs. Frances E. Brashear and Husband.

of the country to settle any contests in relation to the titles to the land. We do not find in the record any title from Antoine Pilboro to Robert Martin. The act of Congress does not mention the name of Martin, but refers to the report of the register, which only stated that Martin claimed it by purchase from Pilboro. The confirmation inured to the benefit of the party deriving title from Pilboro, to whom the original grant was made in July, 1776. Under this state of facts the titles by which defendant holds are sufficient at least to sustain the prescription of ten years, and defendant has shown possession in herself and her authors for about thirty years.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, Mrs. F. E. Brashear, with costs in both courts.